UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN R. PERLES, P.C., )<br>  )<br>  Plaintiff and Counterclaim Defendant, )<br>  )<br>                    v. )<br>  )<br>ANNE MARIE KAGY )<br>  )<br>  Defendant, and Counterclaim and )<br>  Third-Party Plaintiff )<br>  )<br>                    v. )<br>  )<br>STEVEN R. PERLES, Esq., )<br>  )<br>  Third-Party Defendant ) | C.A. No. 01-0105 (TPJ)<br><br>**FILED**<br>JUL 1 0 2003<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Defendant/counter-claimant Anne Marie Kagy has moved to amend the Decision and Order of April 10, 2003, to reflect the fact that the oral contract found by this Court to exist between the parties contemplated not only the so-called <u>Flatow</u> case, but also the <u>Eisenfeld and Duker</u> case and all other "contingency" cases in Mr. Perles' office until Ms. Kagy departed therefrom sometime in 1999.

The Court gave critical credence to Ms. Kagy's testimony respecting a telephone conversation between them in May of 1997, supplying evidence of a material term of the oral contract the Court expects to enforce. At the time of that conversation the plaintiffs in <u>Eisenfeld and Duker</u> were not yet clients of Perles' office, and the record does not disclose whether he even knew of them at the time. However, the <u>Eisenfeld and Duker</u> case <u>as such</u> was clearly <u>not</u> within the contemplation of either Mr. Perles or Ms. Kagy at the time of the conversation and consequently is not embraced within the oral

contract formed.

So far as the record reveals, Ms. Kagy's first significant substantive contact with the <u>Eisenfeld and Duker</u> case was in December of 1997. The complaint was not filed until August of 1998. Ms. Kagy's right to compensation for such work as she may have done on that and other cases, if any, may be addressed at the time her claim in <u>quantum meruit</u> comes on for trial.

It is, therefore, this 10th day of July, 2003,

ORDERED, that defendant/counter-claimant's motion to amend the Decision and Order of April 10, 2003, is denied; and it is

FURTHER ORDERED, that counsel file no further memoranda with respect to this issue; and it is

FURTHER ORDERED, that the provision of the Decision and Order of April 10, 2003, dismissing the claim in <u>quantum meruit</u> as moot is vacated; and it is

FURTHER ORDERED, that the parties and counsel forthwith undertake jointly to reschedule further proceedings before Magistrate Judge Kay; and it is

FURTHER ORDERED, that this case is set for a status conference on August 22, 2003, at 9:30 a.m., which will not be continued except upon motion in writing for good cause shown.

Thomas Penfield Jackson
U.S. District Judge