UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Steven R. Perles, P.C.,** | : | |
| Plaintiff/Counterclaim-Defendant | : | Civil No.1:01CVI05 (ESH/AK) |
| v. | : | |
| **Anne Marie Kagy,** | : | |
| Defendant/Counterclaim-Plaintiff | : | |
| v. | : | |
| **Steven R. Perles, Esq.,** | : | |
| Third-Party Defendant | : | |

**MOTION FOR LEAVE TO INTERVENE
TO OPPOSE MOTION PROPOSING USE OF TRUST FUNDS**

Movant, Thomas Fortune Fay (hereafter, "Fay"), not a party to this action, by counsel, pursuant to Fed. Rule Civ. Pro. 24 (a), moves for an order authorizing him to appear and intervene with respect to certain property which is a subject matter of a pending motion of counterclaim-defendant and third-party defendant (hereafter, collectively, "Perles") for a stay pending appeal, said appearance to be limited to the use(s) of property to which Mr. Fay claims ownership and the right of possession, for the reasons that:

1. Mr. Perles's motion requests, *inter alia,* permission to post One Million, Five Hundred Thousand Dollars ($1,500,000.) alleged to be presently on deposit in a client's funds trust account in Citibank, F.S.B. in the name of the law firm representing Mr. Perles in this action, Greenberg Traurig, LLP, of which One Million Dollars ($1,000,000.), plus interest from January 18, 2001, is owned by Mr. Fay, a claim that has been known and acknowledged by Mr. Perles and his law firm.

2. On June 8, 2005, a notice of adverse claim to the extent of $1,000,000. plus interest was served on Citibanc F.S.B. pursuant to D.C. Code §26-803, and a copy of that notice with a covering letter was delivered at the same time to Greenberg Traurig, LLP..

3. The trust funds at issue in Mr. Perles's pending motion are what remain of a Two Million Dollar ($2,000,000.)deposit into Mr. Perles's counsel's client trust account on January 18, 2001, by Messrs. Fay and Perles on the express understanding and an articulated condition that no disbursements were to be made without the prior approval of both Mr. Fay and Mr. Perles.

4. Mr. Fay has recently discovered that approximately 25% of the funds held in the trust account have been disbursed without his knowledge, approval or consent.

5. Mr. Fay is not a party to this action, and no claim is pending or has ever been made against him by the third-party plaintiff and judgment creditor, Anne-Marie Kagy, and no other assertion has been made that Mr. Fay owes an obligation to Ms. Kagy or that Ms. Kagy has any claim to Mr. Fay's half of the trust funds.

6. Simultaneously with the filing of this motion, Mr. Fay is filing an action against Mr. Perles and Greenberg Traurig LLP in this court for compensatory damages in quasi-contract (unjust enrichment) and money had and received, and for compensatory and punitive damages for conversion.

Mr. Fay invites the Court's attention to his memorandum of points and authorities, attached hereto, which are incorporated herein by reference.

WHERFORE, movant requests an order allowing him to intervene and denying that part of the Perles motion associated with the trust funds at issue and freezing those funds from further disbursement and dissipation until any remaining conflict concerning their ownership is resolved;

and for attorney's fees and costs for the preparation and prosecution of this motion; and for any sanctions appropriate for misrepresentation to the court of the source and use(s) of these trust funds; and for such other relief that in these circumstances may appear reasonable and prudent to the Court.

June 19, 2005                                     Respectfully submitted,


                                    John W. Karr
                                    John W. Karr 57430
                                    Karr & Allison, P.C.
                                    1920 N Street, NW   Suite 300
                                    Washington, DC 20036
                                    202-331-7600
                                    Attorney for movant, Thomas Fortune Fay


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion, the supporting memorandum and proposed order were transmitted through the electronic filing system (ECF) of the Court this 20th day of June, 2005 to: Steven M. Schneebaum, Esq., Greenberg Traurig, LLP, attorneys for counterclaim defendant and third-party defendant and to David E. Sher, Esq. and Mark D. Cummings, Esq., Sher, Cummings & Ellis, attorneys for the counterclaim plaintiff and third-party plaintiff.


                                    John W. Karr

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Steven R. Perles, P.C.,** | : | |
| | : | |
| Plaintiff/Counterclaim Defendant | : | Civil No.l:0ICVI05(ESH/AK) |
| | : | |
| v. | : | |
| | : | |
| **Anne Marie Kagy,** | : | |
| | : | |
| Defendant/Counterclaim Plaintiff | : | |
| | : | |
| | : | |
| **Steven R. Perles, Esq,** | : | |
| | : | |
| Third-Party Defendant. | : | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### SUPPORTING MOTION TO INTERVENE

### STATEMENT OF FACTS

In January, 1997, Messrs Fay and Perles entered into a contract which provided that they would act as equal share partners in the representation of a number of American citizens and/or their estates who had been victims of terrorist attacks sponsored by governments designated by the U. S. Department of State as the source of material assistance to acts of terrorism.

Messrs. Fay and Perles were successful in obtaining judgments for clients in several of these cases including *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998) and *Eisenfeld and Duker v. Islamic Republic of Iran,* 172 F.Supp.2d 1(D.D.C. 2000), in which cases compensatory damages were awarded in amounts of $22,513,220.00 and $27,161,002.00, respectively, which, with post-judgment interest, were paid in January, 2001.

At all times relevant to the present action, attorney Anne Marie Kagy was the employee

of Mr. Perles and his professional corporation, Steven R. Perles, P.C., and the agreement between Mr. Fay and Mr. Perles was that Mr. Perles and/or his professional corporation would be solely responsible for her compensation.  Likewise, under the same agreement, Mr. Fay was to be solely responsible for compensation earned by Victor Holm, a contract employee of Mr. Fay and his firm, Thomas Fortune Fay, P.A.  Mr. Holm, his company, Holm Audio Visual, and his daughter and assistant, Elizabeth Holm, were responsible for the preparation and presentation of all technical aspects, including video presentations, in the *Flatow, Eisenfeld and Duker* cases, for which Mr. Fay and his law firm paid them compensation of $2,609,864.31.

In December, 2000, Mr. Perles informed Mr. Fay that Ms. Kagy was asserting an "attorney's lien" of $2,000,000. against the net proceeds (what remained after disbursements to the Flatow, Eisenfeld and Duker families) of the judgment payments.

On January 18, 2001, a sum of $2,000,000. was transferred by wire from the Fay and Perles escrow account established to handle the proceeds of these cases to a trust account identified by Steven M. Schneebaum Esq., an attorney hired by Mr. Perles to defend him against Ms. Kagy's claim.  A copy of the computer printout evidencing the wire transfer is attached hereto as Exhibit "A."  From the time of the wire transfer until the present, it is undisputed that half of the transferred funds were owned by Mr. Fay and half were owned by Mr.Perles.  It was understood and agreed by Messrs. Fay and Perles that no disbursements were to be made from this fund without the express approval of both of them.

Mr. Perles's afore-cited action in this court against Ms. Kagy sought a declaratory judgment establishing what if any legal fees were due her; Ms. Kagy counterclaimed against Mr. Perles and his professional corporation for what she believed was due her. Mr. Fay was not sued by Ms. Kagy, nor was he made a party in any other way in the Perles/Kagy litigation.

Trial of the Perles/Kagy action began in January, 2003, and continued intermittently until entry of a final judgment on April 20, 2005, against Mr. Perles only. Mr. Perles has stated to Mr. Fay that he and his counsel represented to the trial court that the sum of $2,000,000. was being held in trust in response to Ms. Kagy's assertion of her "attorney's lien" in that amount.

On December 22, 2004, the money that had been placed in 2001 in the trust fund then identified by Mr. Perles's attorney, Mr. Schneebaum, was transferred by instruction of Mr. Schneebaum into a client trust fund maintained by his law firm, Greenberg Traurig, LLP., a law firm that Mr. Schneebaum had joined as a principal some months earlier.

After entry of judgment against Mr. Perles alone on April 20, 2005, Mr. Fay learned for the first time that, without his approval, disbursements had been made from the trust fund, totaling more than $400,000., to cover Mr. Perles' legal fees and expenses in the Perles/Kagy litigation, and that Messrs. Perles and Schneebaum were proposing to use the remainder of the funds in the trust account, in lieu of a supersedeas bond, to secure the judgment while it was being appeal.

. On May 19, 2005, Mr. Fay, in writing, expressly forbade any use whatever of the funds remaining in trust. A copy of his letter dated May 19, 2005 requesting a meeting with Messrs. Perles and Schneebaum and instructing them that the escrow account was not to be used as security upon any appeal bond or as security in the Court of Appeals is attached as Exhibit "B." In a meeting on May 27, 2005, with Messrs. Perles and Schneebaum, Mr. Fay iterated the instruction that no funds in the trust account were to be used as security for the judgment or as a substitute for any form of an appeal bond, and demanded of both of them that his ownership of half of the $2,000,000. be affirmed and that $1,000,000., plus accrued interest, be forthwith remitted to him.

Later on May 27th, Mr. Fay memorialized his demands in a letter he sent to Messrs. Perles and Schneebaum, a copy of which is attached hereto as Exhibit "C.".

Notwithstanding Mr. Fay's instructions, on June 2, 2005, Mr. Schneebaum sent a letter to Ms. Kagy's counsel seeking agreement to substitute the funds in the trust account for a supersedeas bond to secure the judgment on appeal, a copy of which is attached hereto as Exhibit "D."

On June 8, 2005, pursuant to D. C. Code, § 26-803 (2001 ed.), a notice of adverse claim was delivered to Citibank F.S.B. asserting Mr. Fay's ownership of money amounting to $1,000,000, plus interest, on deposit in Greenberg Traurig Trust Account No. 2101 970278, the trust account into which Mr. Schneebaum had transferred the funds at issue on December 22, 2004, a copy of which is attached as Exhibit "E."  A copy of the notice was delivered that day to Greenberg Traurig, a copy of which is attached hereto as Exhibit "F."

On June 16, 2005, Greenberg Traurig LLP represented in writing to Mr. Fay that $1,601,344.56 remained on deposit in the trust account.

On June 17, 2005, in a motion filed in the Perles/Kagy action, *supra,* Mr. Perles represented to the court that the balance remaining in the trust account, the "amount subject to lien," is $1,339,675.35.

**ARGUMENT**

District of Columbia Rule of Professional Conduct 1.15 requires in pertinent part that any funds in dispute being held an attorney must be kept separate and apart until the dispute is resolved. Rule 1.15 adopts the rule found in decisional law prohibiting an attorney from withdrawing funds without the consent of the owner of those funds. See *In Re Harr,* 698 A.2d

412 (1997). The wire transfer form, a copy of which went to Mr. Schneebaum, clearly indicates the ownership of the funds being deposited as "Stevn R. Perles & Thomas Fortune Fay." Moreover, Mr. Schneebaum met with Mr. Perles and Mr. Fay on that same day and was told by them of the ownership of the funds. Any unauthorized use of such funds constitutes a misappropriation of funds. See *In Re Chang,* 694 A.2d 877 (1997). It is evident under the rule described in *In Re Harr, supra,* that any disagreement as to use of the funds must be resolved before they may be used in any way.

Courts have cited three factors in determining whether the right to intervene in litigation is sufficient: (1) an interest in the subject matter; (2) substantial risk that the litigation will impair the interest; and (3) existing parties do not adequately protect that interest. *Purcell v. Bank Atlantic Financial Com.,* 85 F.3d 1508 (11th Cir. 1996), cert. denied 519 U.S. 867, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996).

Mr. Fay's ownership of his portion of the funds certainly qualifies as an interest in the subject matter. As to the second peg, if intervention were not be allowed here, One Million Dollars ( $1,000,000.) owned by Mr. Fay will in all likelihood be lost. Mr. Perles has publicly boasted that his assets are held such ways that judgment creditors holders will not be able to reach them. See *United States v. Peoples Benefit Life Insurance Company,* 271 F.3d 411 (2d Cir. 2001).

Given the present circumstances and the rapid dissipation to date of funds on deposit in the trust accounts, there is a virtual certainty that the litigation will impair the interest entitled to protection. Moreover, a failure by Mr. Fay to challenge Mr. Perles's unauthorized use of the funds almost certainly would be raised as a waiver of Mr Fay's ownership and right to possession of the funds.

The only parties remaining in this action are Steven R. Perles and Anne Marie Kagy. Mr. Perles has demonstrated in his motion that far from protecting Mr. Fay's property he intends to use it to pay his judgment debt. Certainly the judgment creditor, Ms. Kagy cannot be expected to take action to protect Mr. Fay's interest in the fund. See, *Twelve John Does v. District of Columbia,* 117 F.3d 571 (D.C. Cir.1997).

## CONCLUSION

The requirements for intervention are present here and the motion should accordingly, be granted.

June19, 2005

                                            John W. Karr
                                            John W. Karr (D.C. #57430)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Steven R. Perles, P.C.,** | : | |
| | : | |
| Plaintiff/Counterclaim Defendant | : | Civil No.1:0ICVI05(ESH/AK) |
| | : | |
| v. | : | |
| | : | |
| **Anne Marie Kagy,** | : | |
| | : | |
| Defendant/Counterclaim Plaintiff | : | |
| | : | |
| | : | |
| **Steven R. Perles, Esq,** | : | |
| | : | |
| Third-Party Defendant. | : | |

## ORDER

Upon consideration the motion of Thomas Fortune Fay to intervene in this action to oppose the pending motion of counterclaim defendant and third-party defendant for a stay pending appeal, and the Court having found that the movant has an interest in the subject matter; that there is a substantial risk that the litigation will impair his interest; and that existing parties do not adequately protect that interest, it is this day of _____, 2005

ORDERED, that the said motion be, and the same hereby is, granted, and that Thomas Fortune Fay may appear as a matter of right in this action for the limited purpose of opposing the motion and use(s) of money on deposit to which he asserts ownership and the right to possession, consisting of the One Million Dollars ($1,000,000.) on deposit in the Greenberg Traurig LLP client trust account.

_____
United States Magistrate Judge

COPIES TO:

Steven M. Schneebaum, Esq.
Greenberg Traurig, LLP
Attorneys for Steven R. Perles, Esq.

David E. Sher, Esq.
Mark D. Cummings, Esq.
Sher, Cummings & Ellis
Attorneys for Anne Marie Kagy, Esq.

John W. Karr, Esq.
Karr & Allison, P.C.
Attorneys for Thomas Fortune Fay, Esq.