IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN R. PERLES, P.C., | ) |
| Plaintiff and Counterclaim-Defendant, | ) |
| v. | ) Civil Action No. 1:01CV0105 |
| | ) (ESH) (AK) |
| ANNE-MARIE KAGY, ESQ., | ) |
| Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff, | ) |
| v. | ) |
| STEVEN R. PERLES, ESQ., | ) |
| Third-Party Defendant. | ) |

MOTION OF
PLAINTIFF AND COUNTERCLAIM-DEFENDANT STEVEN R. PERLES, P.C.
AND THIRD-PARTY DEFENDANT STEVEN R. PERLES, ESQ.
TO RELEASE FUNDS ON DEPOSIT WITH THE CLERK OF COURT

Plaintiff and Counterclaim-Defendant Steven R. Perles, P.C., and Third-Party Defendant Steven R. Perles, Esq. (together "Perles"), hereby respectfully petition this Honorable Court for an Order directing the Clerk to release their funds deposited to secure the Appeal in this matter.

As this Court is aware, a judgment was entered in favor of Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Anne-Marie Kagy, on April 20, 2005, in the amount of $1,387,001 in damages and interest. Both parties appealed, and Thomas

Fortune Fay, Esq., whose belated petition to intervene in this case also filed an appeal. The Circuit Court consolidated the four appeals for briefing and argument.

Perles posted with the Clerk of this Court a cash bond in the amount of $1,450,000, representing the judgment plus an estimate of interest that might accrue on that amount over a period of 18 months. This Court accepted that bond as security, and stayed enforcement of the judgment, pending the outcome of the proceedings before the appellate Court, by order entered on September 2, 2005 (signed by Magistrate Judge Alan Kay).

On January 16, 2007, a unanimous panel of the Court of Appeals, in an opinion written by Judge Kavanaugh, reversed this Court's decision. Specifically, the Court concluded that this Court was in error on two key points. The Court of Appeals held that there was no contract between Perles and Ms. Kagy for her work in the case of *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1 (D.D.C. 1998). And it found that the proper basis for calculating the *quantum meruit* of Ms. Kagy's work in both the cases of *Flatow* and *Eisenfeld and Duker v. Islamic Republic of Iran*, 172 F.Supp.2d 1 (D.D.C. 2000) was multiplying a fair market hourly rate by the number of hours she reasonably spent on those representations. *Perles v. Kagy*, 473 F.3d 1244, 1254 (D.C. Cir. 2007).

The case was remanded to this Court for further proceedings to determine the appropriate *quantum meruit* of Ms. Kagy's work for Perles.[1]

---

[1] Three issues are before this Court on remand: (1) what is the reasonable number of hours that Ms. Kagy worked on the *Flatow* case? (2) in light of the fact that her market rate at the time was $50 per hour, is there any principle of equity in the District of Columbia by which she should be compensated at more than $150 per hour? and (3) should any *quantum meruit* award in favor of Ms. Kagy accrue pre-judgment interest?

After resolving the Perles appeal against the judgment in favor of Ms. Kagy, the Court of Appeals dismissed Mr. Fay's appeal as moot. The entire thrust of Mr. Fay's complaint before this Court had been to contest Perles's right to the funds deposited as security for the judgment. The Court determined that, "[a]s a result of our decision today, that judgment is vacated. The bond that was the basis for Fay's attempted intervention will now be released." *Perles v. Kagy*, 473 F.3d 1244, 1254.

The release of the appeal bond is a direct consequence of the reversal of the judgment that the bond was meant to secure. Perles respectfully now petitions this Court to enter an Order directing the Clerk to release the funds to undersigned counsel, on behalf of Mr. Perles.

The Court is aware that Mr. Fay has initiated litigation against Mr. Perles and his law firm, Greenberg Traurig LLP, claiming that those two defendants have converted funds that belong to him. *Fay v. Perles, et al.*, No. 05-1209 (PDF) (D.D.C.). Both defendants vigorously contest those allegations. Mr. Perles contends that Mr. Fay voluntarily agreed to pay one-half of the cost of Ms. Kagy's services,[2] and that such an agreement included an undertaking to pay one-half of Mr. Perles's expenses in connection with litigation with Ms. Kagy to determine the amount she is owed. Mr. Fay apparently contends that both the amount Perles eventually pays Ms. Kagy and the litigation costs were Mr. Perles's sole responsibility.

---

[2] The Perles and Fay law firms had agreed to split equally virtually all of the costs of suit in the *Flatow* and *Eisenfeld & Duker* matters, including court costs, expert witness fees, charges of local counsel, litigation support services, and the like. Each of the participants derived substantial benefit from this arrangement, including the sharing of office expenses and the costs of support services. Absent an agreement of this type, it is highly unlikely that Mr. Perles would have brought Mr. Fay into the terrorism cases.

The existence of the *Fay* litigation, however, is no reason to deny Perles P.C. access to funds that it posted with the Clerk of Court. If Mr. Fay wishes to pursue his claim that he is entitled to a share of those funds, then the proper context in which to do that is the litigation that he has already instituted. Any restriction on the use of Perles's money in the interim would be the functional equivalent of a pre-judgment attachment, for which there is no basis in the record.

Moreover, Judge Friedman on June 25, 2007, entered an order staying all proceedings in the *Fay* litigation until this case is resolved. Mr. Fay did not oppose that stay. So this Court need not concern itself with the (hypothetical in any event) possibility that Mr. Fay might apply to Judge Friedman and be granted a writ of attachment.[3]

There should be no question that Perles is entitled to recover the funds posted to secure the judgment pending appeal, to do with as he wishes. In light of the complexities posed by the pendency of the *Fay* case, however, Mr. Perles has authorized undersigned counsel to represent that it is his intention to deliver the entire sum released by the Court to his undersigned attorney. He plans to have the money placed in an interest-bearing escrow account, which will be depleted only to pay ongoing legal fees, until the final resolution of both pieces of litigation, or until further order of the Court.

Ms. Kagy, of course, has no basis for objection to the Order requested herein, since there is no authority for the Court to hold funds to secure a judgment that she does not have, but may someday get.

---

[3] The prerequisites for pre-judgment attachment are in any event not met in the case at Bar. Nor is it likely that Mr. Fay would be prepared to execute the affidavit, or to post the bond (in double the amount sought to be frozen) required under D.C. Code § 16-501 before such an attachment may issue.

For all of the foregoing reasons, Steven R. Perles, P.C., and Steven R. Perles, Esq., respectfully request that this Court order its Clerk to return the property posted by Perles as security for the judgment now reversed by the Court of Appeals, together with any interest that may have accrued during the period when the funds were held in the Court's Registry.

Respectfully submitted,

Steven M. Schneebaum
D.C. Bar No. 956250
Greenberg Traurig LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
(202) 530-8544

Dated: August 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN R. PERLES, P.C., )<br>)<br>Plaintiff and Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>)<br>ANNE-MARIE KAGY, ESQ., )<br>)<br>Defendant, Counterclaim-Plaintiff, )<br>and Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN R. PERLES, ESQ., )<br>)<br>Third-Party Defendant. )<br>) | Civil Action No. 1:01CV0105<br>(ESH/AK) |

**ORDER TO RELEASE APPEAL BOND**

Plaintiff and Counterclaim-Defendant Steven R. Perles, P.C., and Third-Party Defendant Steven R. Perles, P.C. (collectively "Perles"), have moved for an Order releasing the security they posted with the Registry of the Court pending appeal. On September 1, 2005, Perles delivered to the Clerk of this Court a check in the amount of $1,450,000, representing the total judgment in this case plus an estimate of interest through November 20, 2006, and this Court stayed execution of its judgment, determining that such an amount was adequate security therefor. *See* Order of September 2, 2005.

In light of the decision of the Court of Appeals dated January 16, 2007, reversing the judgment in favor of Ms. Kagy and remanding the case to this Court for further

proceedings, this Court now on this ___ day of August, 2007, ORDERS that the Clerk return the cash bond posted to secure the judgment to counsel for Perles, together with any interest accruing thereon while it was in the possession of the Court's Registry. The Court takes notice of the intention of Mr. Perles, as expressed in his moving papers, to use these funds to pay legal fees, and to preserve the balance in an escrow account held by his counsel until the final resolution of both this case and *Fay v. Perles, et al.*, No. 05-1209 (PDF) (D.D.C.).

_____
Alan Kay, United States Magistrate Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2007, I served the foregoing **MOTION OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT STEVEN R. PERLES, P.C., AND THIRD-PARTY DEFENDANT STEVEN R. PERLES, ESQ., TO RELEASE FUNDS ON DEPOSIT WITH THE CLERK OF COURT** through the Court's electronic filing and service system upon Anne-Marie Kagy, through her counsel:

> David E. Sher, Esq.
> Mark D. Cummings, Esq.
> Sher, Cummings & Ellis
> 3800 North Fairfax Drive, Suite 7
> Arlington, Virginia  22203

with a copy following by first-class mail, postage prepaid.

_____
Dawn R. Wolf