**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEVEN R. PERLES, P.C.<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>ANNE-MARIE LUND KAGY, ESQUIRE<br><br>Defendant, Counterclaim-Plaintiff and Third-Party Plaintiff,<br><br>v.<br><br>STEVEN R. PERLES, ESQUIRE<br><br>Third-Party Defendant. | Case No. 1:01cv00105 (ESH) (AK) |

**OPPOSITION OF DEFENDANT, COUNTERCLAIM-PLAINTIFF, AND THIRD-PARTY PLAINTIFF ANNE-MARIE LUND KAGY, ESQUIRE TO MOTION TO RELEASE FUNDS ON DEPOSIT WITH THE CLERK OF COURT**

COMES NOW, Defendant, Counterclaim-Plaintiff and Third-Party Plaintiff Anne-Marie Lund Kagy, Esquire ("Ms. Kagy"), by counsel, and pursuant to Local Rule LCvR 7(b) respectfully submits her Opposition to Mr. Perles's August 6, 2007 Motion to "Release Funds on Deposit with the Clerk of the Court," as follows:

**ARGUMENT**

Mr. Perles's Motion should be denied, because it only purports to conform to the Court of Appeals opinion, and yet certainly violates the un-appealed finding of this Court that the funds subject to Mr. Perles's Motion were an "escrow" to pay Ms. Kagy's claims concerning her work on *Flatow* and *Eisenfeld and Duker* (hereinafter the "Escrow Funds"). Coordinately, the law of

this case and the equitable doctrines of judicial and equitable estoppel discussed below provide this Court ample authority to deny Mr. Perles's Motion. Reason would further dictate that the disposition of the Escrow Funds should be made in conjunction with the trial in this matter, which is next month.

By way of background, Your Honor will recall that on August 29, 2005, in a post-judgment opinion (with accompanying order), this Court found the Escrow Funds were set aside as an "escrow" to pay Ms. Kagy's claims. *Steven R. Perles, P.C. v. Kagy*, No. 01-105, at 7 n.6 (D.D.C. Aug. 29, 2005) (Kay, J.) (memorandum opinion). That the Escrow Funds were set aside to pay Ms. Kagy's claims is, of course, something that has always been understood in this case. (*See* Trial Tr. at 26-28 (Dec. 16, 2003, 9:30 A.M.) (hearing and argument before the Honorable Alan Kay on prejudgment interest) (MR. SCHNEEBAUM: "[W]e would concede that she is entitled to interest that actually accrued to the amount in the trust account . . . . Opposed to any objective rate of interest that would be applicable if Mr. Perles had had the freedom to do what he pleased with that money . . . ." THE COURT: "I understand.") Indeed, based upon the status of the Escrow Funds as an escrow for Ms. Kagy's claims, Mr. Perles successfully argued and this Court ordered that Ms. Kagy's prejudgment interest on her contract claim in *Flatow* and her equitable *quantum meruit* claim in *Eisenfeld and Duker* was limited to the actual rate of interest that accrued to the Escrow Funds—not the usual prime rate. *Steven R. Perles, P.C. v. Kagy*, 339 F. Supp. 2d 47, 52 (D.C.C. 2004) (Kay, J.), *aff'd* No. 01-105, at 6-8 (D.D.C. Nov. 29, 2004) (Huvelle, J.) (memorandum opinion); *Steven R. Perles, P.C. v. Kagy*, No. 01-105 (D.D.C. May 5, 2005) (Kay, J.) (final order *nunc pro tunc* April 20, 2005).

Ultimately, by Order dated August 29, 2005 (accompanied by the above-mentioned Memorandum Opinion), Your Honor judiciously permitted Mr. Perles to post the Escrow Funds

as a bond for the appeal of Ms. Kagy's judgment in this case, consistent with the status of the Escrow Funds as an escrow to pay Ms. Kagy's claims. *Steven R. Perles, P.C. v. Kagy*, No. 01-105 (D.D.C. Aug. 29, 2005) (Kay, J.) (order).

Now, as Mr. Perles points out, the appeal has concluded. The judgment for which the Escrow Funds were posted as a bond has been vacated. The Escrow Funds "will now be released" as a bond for that judgment, noted the Court of Appeals. *Steven R. Perles, P.C. v. Kagy*, 473 F.3d 1244, 1254 (D.C. Cir. 2007). But nothing about the above-quoted language in the Court of Appeals' decision addresses—no less changes—the status of the Escrow Funds as an escrow to pay Ms. Kagy's claims. What Mr. Perles neglects to advise the Court in his Motion is that he never appealed this Court's determination of August 29, 2005 that the Escrow Funds were an escrow to pay Ms. Kagy's claims.

Thus, it is the law of this case that the Escrow Funds shall be used for that purpose. *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) (discussing the "waiver" form of the law-of-the-case doctrine; "[A] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, [governs] future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time[.]"). Yet contrary to the law of this case, Mr. Perles now asserts his right to use the Escrow Funds "as he wishes." (Perles Mot. at 4.) Specifically, he has indicated in his Motion an intention to pay his legal fees with the Escrow Funds. *Id.*

Mr. Perles postulates that there is no authority to oppose or deny his Motion. That would be incorrect. As mentioned, the law of this case dictates Mr. Perles's Motion be denied. Additionally, this Court's broad equitable power to regulate the funds and parties involved in a litigation before it provides authority here, to wait until the conclusion of the present remand,

3

and to ultimately order the Escrow Funds be used to pay Ms. Kagy's claims. *See National Ass'n of Neighborhood Health Centers v. Mathews*, 551 F.2d 321, 339 (D.C. Cir. 1976) (holding that the equitable powers of the federal courts justified an order that certain funds involved in the case remain available to certain claimants despite the expiration of a statute providing for the availability of the funds, pending further litigation of the issue on remand; "[T]he equitable power of the Federal Courts is broad, and it is a well-established prerogative of the Court to treat as done that which should have been done.")

Lastly, the doctrines of judicial and equitable estoppel provide additional bases to deny Mr. Perles's Motion. Those doctrines bar Mr. Perles from now taking the position that the Escrow Funds are not an escrow to pay Ms. Kagy's claims.

Mr. Perles is judicially estopped because: (1) He earlier succeeded in limiting Ms. Kagy's prejudgment interest claim to actual accrued interest on the Escrow Funds. He did so by arguing the Escrow Funds were set aside to pay Ms. Kagy's claims. (2) His maneuver now to attempt to use the Escrow Funds to pay his legal fees instead of pay Ms. Kagy's claims is clearly inconsistent with his earlier position. (3) Obviously, it would be an unfair detriment to Ms. Kagy, and an unfair windfall to Mr. Perles, if the Escrow Funds set aside to secure her future judgment were instead used to pay Mr. Perles's legal fees. *Cf. Prince Construction Co. v. District of Columbia Contract Appeals Bd.*, 892 A.2d 380, 386 n.7 (D.C. 2006) (citing *New Hampshire v. Main*, 532 U.S. 742 (2001); judicial estoppel is a flexible doctrine that applies when a party's later position is "clearly inconsistent" with its earlier one, the party succeeded in its prior position, and the new inconsistent position would unfairly advantage the party or disadvantage the other party).

Otherwise, Mr. Perles is equitably estopped because: (1) Ms. Kagy and Mr. Perles are adverse parties on remand as they were in the prior proceedings. (2) Ms. Kagy has litigated her claims vigorously in reliance on the availability of the Escrow Funds to pay her claims. (3) As already stated Ms. Kagy would be prejudiced if the Escrow Funds were used to fuel Mr. Perles's litigation against her and were thus unavailable as security to pay her claims. *Cf. Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1212-13 & n. 10 (D.C. 2002) (equitable estoppel allows a party to assert a bar to another party's inconsistent position when there is "privity, reliance, and prejudice" involved).

## CONCLUSION

Mr. Perles's Motion should be denied, according to the law of this case, as well as the doctrines of judicial and equitable estoppel. Given this Court's broad equitable power to regulate the funds and litigants in this case, the disposition of the Escrow Funds should be made in conjunction with next month's trial.

Ms. Kagy also respectfully requests a hearing on the matter in this Court's discretion pursuant to Local Rule LCvR 7(f). A proposed order is included herewith pursuant to Local Rule LCvR 7(c).

Dated: August 17, 2007.

Respectfully submitted,

/s/ David E. Sher

---

David E. Sher, Esquire (DC Bar No. 176396)
Mark D. Cummings, Esquire (DC Bar No. 414596)
SHER, CUMMIGS AND ELLIS
3800 N. Fairfax Dr., Suite 7
Arlington, VA 22203
703-525-1200
Facsimile: 703-525-0067

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN R. PERLES, P.C. ) <br> ) <br> Plaintiff and Counterclaim-Defendant, ) <br> ) <br> v. ) <br> ) <br> ANNE-MARIE LUND KAGY, ESQUIRE ) <br> ) <br> Defendant, Counterclaim-Plaintiff and ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN R. PERLES, ESQUIRE ) <br> ) <br> Third-Party Defendant. ) <br> _____) | Case No. 1:01cv00105 (ESH) (AK) |

### ORDER

Plaintiff and Counterclaim-Defendant Steven R. Perles, P.C. and Third-Party Defendant Steven R. Perles, Esquire (collectively "Mr. Perles") come before this Court on their Motion to "Release Funds on Deposit with the Clerk of the Court" (hereinafter the "Escrow Funds"). Defendant, Counterclaim-Plaintiff and Third-Party Plaintiff Anne-Marie Lund Kagy, Esquire ("Ms. Kagy") has submitted her Opposition thereto.

Having considered the positions of the parties, and the rulings of the Court of Appeals and of this Court, this ____ day of _____, 2007, it is THEREFORE,

ORDERED that the Motion is DENIED.

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2007 I served a copy of the foregoing OPPOSITION OF DEFENDANT, COUNTERCLAIM-PLAINTIFF, AND THIRD-PARTY PLAINTIFF ANNE-MARIE LUND KAGY, ESQUIRE TO MOTION TO RELEASE FUNDS ON DEPOSIT WITH THE CLERK OF COURT and accompanying proposed ORDER through the Court's electronic filing and service system upon Steven R. Perles, P.C. and Steven R. Perles, Esquire, through counsel:

> Steven M. Schneebaum, Esquire
> Greenberg Traurig, LLP
> 800 Connecticut Avenue, N.W.
> Washington, D.C.

/s/ Kevin J. Shehan

_____

Kevin J. Shehan