UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN R. PERLES, P.C.,

    Plaintiff and Counterclaim-Defendant,

v.

ANNE MARIE KAGY,

    Defendant and Counterclaim-Plaintiff

v.

STEVEN R. PERLES, ESQ.,

    Third-Party Defendant.

Civil Action No. 01-0105 (AK)

## MEMORANDUM ORDER

Currently before the Court are Plaintiff, Counterclaim-Defendant Steven R. Perles, P.C. and Third-Party Defendant Steven R. Perles' (collectively "Perles") Motion to Release Funds On Deposit with the Clerk of Court and Defendant ("Pl. Mot.")[145] and Counter-Plaintiff Anne-Marie Kagy's (hereinafter "Kagy") opposition ("Def. Opp'n")[150]. The Court heard argument on this Motion on September 10, 2007.

### Background

This case arises from a dispute involving remuneration for legal services provided by Ms. Kagy to Mr. Perles in two cases, *Flatow v. Islamic Republic of Iran*, No. 97-0396 (D.D.C.) and *Eisenfeld and*

1

*Duker v. Islamic Republic of Iran*, No. 98-1945 (D.D.C.).[1] On April 20, 2005, this Court entered an amended final order and judgment, *nunc pro tunc,* [113] awarding Kagy $1,339,675.35 plus actual accured interest in the *Flatow* case and $47,326.09 plus actual accrued interest for the value of her legal services provided in the *Eisenfeld* and *Duker* cases. Both parties filed notices of appeal.

On August 29, 2005 this Court ordered that to stay execution of the judgment pending appeal the Plaintiff must either post a *supersedeas* bond in the amount of the judgment plus interest or deposit with the registry of the court the combined amount of the judgments plus interest. [134]. In compliance with the Court's order, Perles deposited a $1,450,000 check drawn on the Trust Account of Greenberg Traurig LLP with the Registry of the Court on September 1, 2005. This Court accordingly entered an order staying execution of the judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(d).

On January 16, 2007, the United States Court of the Appeals for the District of Columbia Circuit reversed the District Court's holding that a contract existed between Mr. Perles and Ms. Kagy in the *Flatow* case, affirmed the finding in the *Eisenfeld* and *Duker* that Ms. Kagy was entitled to equitable compensation, and reversed the Court's determination that Ms. Kagy should be compensated

---

[1] As noted above, the case *sub judice* involves a dispute between Mr. Perles and Ms. Kagy over the compensation Ms. Kagy was to receive for her legal services in the *Flatow* case and the *Eisenfeld* and *Duker* case. Mr. Perles asserted that Ms. Kagy was a contract employee of his who earned $50 per hour for her legal services. Ms. Kagy claimed, with respect to both cases, that a contract existed between her and Mr. Perles whereby she would be entitled to one third of the fees earned by Mr. Perles, net of expenses, in the event that he received fees in either or both cases. The fee dispute with respect to Ms. Kagy's services in the *Flatow* case was tried before United States District Judge Thomas Penfield Jackson without a jury. Judge Jackson found that a contract was entered into by Mr. Perles and Ms. Kagy with respect to Ms. Kagy's legal services and subsequently, with the consent of the parties, referred the legal fee dispute with respect to the *Eisenfeld* and *Duker* case to the undersigned United States Magistrate Judge. This Court found that a fee sharing contract did not exist between the parties in the *Eisenfeld* and *Duker* case and that Ms. Kagy's sole remedy was a claim for fees based on *quantum meruit*.

at an hourly rate of $283. *Perles v. Kagy*, 473 F.3d 1244, 1254 (D.C. Cir. 2007). The Court of Appeals also vacated the District Court's judgment regarding compensation and remanded for a determination of equitable compensation in both cases. A trial is set in this matter for September 24, 2007.

## Discussion

A party appealing from a District Court judgment may stay enforcement of that judgment pending appeal by posting a *supersedeas* bond with the court. Fed. R. Civ. P. 62(d). Posting of such a bond, however, is not the exclusive means by which an appellant may stay execution of a judgment. To the contrary, the District Court, in its discretion, may permit an alternative form of judgment guarantee. *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (stating that placement of money is escrow account satisfies Rule 62(d)). In this case, the Court ordered Mr. Perles to either post a *supersedeas* bond or deposit the amount of the two judgments with the registry of the court. Mr. Perles opted for the latter.

The purpose of a *supersedeas* bond or other form of judgment guarantee is to protect the prevailing party from losses that might result from a delayed execution of the judgment. *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). The status of the bond once the appeal has concluded "depends upon a retrospective evaluation of the extent to which a judgment has been affected by an appeal." *Rector v. Massachusetts Bonding & Ins. Co.*, 191 F.2d 329, 331 (D.C. Cir. 1951). If an appellate court vacates a money judgment and remands for a new trial on the issue of damages, as is the situation in the present case, a bond that was meant to secure that judgment is discharged. *Neely v. Bankers Trust Co. of Texas*, 848 F.2d 658, 659-60 (5th Cir. 1988).

Because the Court of Appeals vacated the judgment entered in favor of Ms. Kagy and because the funds deposited by Mr. Perles were designed to secure that judgment pending appeal, the funds on deposit with the registry of court must be released to Mr. Perles.

Ms. Kagy argues that if the funds are released to Mr. Perles and used to pay his legal fees or for other purposes, Mr. Perles may be unable to satisfy a judgment entered in Ms. Kagy's favor in the future. Additionally, Ms. Kagy is concerned about the interest that will accrue on the funds if they are removed from Court Registry Investment System account, where they are currently earning interest at a rate of approximately 5% instead of the 1-2% that would be earned in an attorney trust account. The Court is not insensitive to either of these issues. While the amount of equitable compensation that this Court will award Ms. Kagy is an issue for trial, the Court of Appeals opinion makes clear that she is entitled to some measure of reasonable attorney's fees for her services based on *quantum meruit*. Therefore while Mr. Perles is entitled to use the deposited funds to pay his legal fees, he is not entitled to deplete these funds to such an extent that he will not be able to satisfy a judgment entered in Ms. Kagy's favor. Additionally, because the availability of pre-judgment interest is an open issue for trial, the funds that will be released to Mr. Perles must be placed in a trust account that meets statutory and regulatory requirements for trust and fiduciary accounts

### Conclusion

For the foregoing reasons, it is this   12th   day of September, 2007 hereby

**ORDERED** that the Office of the Clerk of this Court release to the Greenberg Traurig LLP Trust Account the $1,450,000 bond deposited in the Court Registry Investment System account on September 1, 2005; and it is further

**ORDERED** that counsel for Mr. Perles shall make reasonable efforts to invest these funds in a

new account at the best interest rate available for court approved or monitored trust or fiduciary accounts; and it is further

**ORDERED** that at least $600,000 of the released funds must remain in the new account to satisfy any judgment that will be awarded to Ms. Kagy.


_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE